for him, paid off the executions, and has since held the property, as he says, ready to be re-delivered to *Elslow*, but it has never been re-tendered. The question is, whether the foregoing facts show a payment of the mortgage, and that *Elslow* is bound still to return and receive the stock in question, or get nothing.

May Term, 1854.<br>HOOKER<br>v.<br>RICHARDS.

We think no payment is shown. *Elslow* had a money demand against *Earll*. He agreed to accept certain specific articles of stock, which *Earll* held out as his own, in payment. It turned out that that stock was not *Earll's*, and, hence, he in fact gave *Elslow* nothing but a certain amount of trouble and expense, and there was no consideration for the surrender of the mortgage. When the stock in question was taken from *Elslow* and decided to be subject to *Earll's* debts, *Elslow's* claim to the payment of his mortgage in cash revived, so far that he had a right to assert it, if he chose, rather than attempt to secure the stock; and it has never since been superseded by any new agreement to accept any thing else.

The other parties to this suit are those who had purchased the land mortgaged from *Earll* before his pretended payment of the mortgage.

*Per Curiam.*—The decree is affirmed with costs.

*R. Brackenridge*, Jr., for the appellants.

*J. B. Howe*, for the appellee.

---

HOOKER and Others *v.* RICHARDS, Administrator.

ERROR to the *Clay* Circuit Court.

*Thursday,*<br>*June 8.*

DAVISON, J.—This judgment is affirmed, for the reasons given in *Hooker* v. *Folsom*, 4 Ind. R. 90, the facts of the two cases being similar.

*Per Curiam.*— The judgment is affirmed, with 5 per cent. damages and costs.

*R. Brackenridge*, Jr., for the plaintiffs.

*D. McDonald, W. A. McKenzie*, and *W. Henderson*, for the defendant.